**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| BOARD OF REGENTS FOR THE OKLAHOMA AGRICULTURAL AND MECHANICAL COLLEGES, acting for and on behalf of Oklahoma Panhandle State University,<br><br>Plaintiff,<br><br>v.<br><br>JOHNSON CONTROLS, INC.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. CIV-23-1025-D<br><br>(District Court of Payne County Case No. CJ-23-515) |

**ORDER**

On November 20, 2023, after reviewing Defendant's notice of removal, the Court entered an order requiring Defendant Johnson Controls, Inc. ("JCI") to show cause why this case should not be remanded for lack of subject matter jurisdiction [Doc. No. 7]. JCI filed a response [Doc. No. 8], Plaintiff (the "Board") filed a response to JCI's response [Doc. No. 10], and JCI filed a reply [Doc. No. 13]. The matter is fully briefed and at issue.[1]

JCI contends that the Tenth Circuit's decision in *Hennessey v. Univ. of Kan. Hosp. Auth.*, 53 F.4th 516 (10th Cir. 2022) governs the Court's decision on whether to remand this case. In *Hennessey*, the court reaffirmed the principle that, in "assessing whether an entity is an arm of the state," courts are to apply the four-factor test set forth in *Steadfast Ins. Co. v. Agric. Ins. Co.*, 507 F.3d 1250 (10th Cir. 2007). *Id.* at 528. However, as a matter of first impression, the court held that the burden to establish arm-of-the-state status for

[1] The Court commends the parties on their helpful, cogent briefing.

purposes of subject matter jurisdiction falls on the entity claiming such status. *Id.* at 532. Specifically, the court explained:

> [O]nce the plaintiff sufficiently alleges and adequately supports that an entity was created in and principally operates within a state, the plaintiff has met her burden and the burden shifts to the entity to demonstrate it is an arm of the state. We reach this conclusion in part because, like in the sovereign immunity context, it is the defendant, not the plaintiff, that possesses the evidence essential to the arm-of-the-state inquiry.

*Id.* Based on the holding in *Hennessey*, JCI argues that, because it stated in its notice of removal that the Board was created in and principally operates within Oklahoma, the burden then shifted to the Board to show that it is an arm of the state of Oklahoma. *See* JCI's Resp. at 7.

On the other hand, the Board contends that *Hennessey* governs only cases in which an entity's arm-of-the-state status is unclear, not cases where an entity is unequivocally an arm of the state. Indeed, the Board claims that the "question of whether the Board is an arm of the state for diversity-of-citizenship purposes has been definitively answered in the affirmative because public universities and their governing boards enjoy Eleventh Amendment immunity as arms of the State of Oklahoma." Board's Resp. at 3. The Board goes on to rely on the fact that both it and the Board of Regents for the University of Oklahoma were created by the Oklahoma Constitution, and that myriad federal courts—and the Oklahoma Supreme Court—have held that the Board, or entities similar to the Board, is an arm of the state. *Id.* at 3-5. Therefore, the Board concludes, because the Tenth Circuit has never overruled the line of cases holding that public universities and their boards are arms of the state, *Hennessey* has no impact on the Court's analysis here. *Id.*

After careful consideration of the parties' positions, the Court remands this case for lack of subject matter jurisdiction. Although the Court agrees with JCI that the *Hennessey* court held that the burden is on the entity asserting arm-of-the-state status to provide evidence showing that it actually is an arm of the state, JCI's position assumes that there is a colorable question as to whether an entity is an arm of the state.

Here, however, there is no colorable question as to the Board's arm-of-the-state status, as it has long been held that the Board—and entities nearly identical to the Board—qualifies as an arm of the state and, therefore, not a citizen of Oklahoma for purposes of diversity jurisdiction.[2] *See, e.g.*, *Gay Activists All. v. Bd. of Regents of Univ. of Okla.*, 638 P.2d 1116, 1123 (Okla. 1981) ("For the purpose of monetary damages, as an administrative agency, in essence an arm of the State, the Board enjoys the privilege of Eleventh Amendment sovereign immunity granted to the State."); *McLaughlin v. Bd. of Regents of Univ. of Okla.*, 566 F. Supp. 3d 1204, 1211–12 (W.D. Okla. 2021) (granting motion to dismiss on the basis of lack of subject matter jurisdiction, due to the University of Oklahoma's arm-of-the-state status); *Driskill v. Okla. ex rel. Bd. of Regents of Univ. of Okla.*, No. CIV-21-240-F, 2021 WL 1947870, at *1 (W.D. Okla. May 14, 2021) ("Driskill was employed by the University [of Oklahoma], an arm of the State of Oklahoma . . . .");

---

[2] Taking JCI's position to its logical conclusion, a defendant could remove every case involving a plaintiff that is unquestionably an arm of the state—*e.g.*, the Oklahoma Attorney General's office, *see Meade v. Grubbs*, 841 F.2d 1512, 1525 (10th Cir. 1988) ("[The Oklahoma Attorney General's office] is an arm of the State . . . .")—and force that entity to prove an obvious truth, which would no doubt take up the court's and the parties' valuable time and resources. The Court finds it unlikely that the *Hennessey* court intended such a result in cases where there is no legitimate dispute regarding an entity's arm-of-the-state status.

*Englehart v. Bd. of Regents for the Okla. Agric. and Mech. Colls.*, No. 15-CV-138-JED-PJC, 2016 WL 3645193, at *3 (N.D. Okla. June 30, 2016) ("The Tenth Circuit has 'consistently held' that state colleges and universities—as well as their governing boards of regents—are arms of the state and therefore enjoy Eleventh Amendment immunity.").[3]

**IT IS THEREFORE ORDERED** that this case is **REMANDED** to the District Court of Payne County, Oklahoma.

**IT IS SO ORDERED** this 2nd day of February, 2024.

TIMOTHY D. DeGIUSTI
Chief United States District Judge

[3] The Tenth Circuit has similarly held that public universities located in states other than Oklahoma are arms of their respective state. *See, e.g.*, *Murray v. Colo.*, 149 F. App'x 772, 774 (10th Cir. 2005) ("[T]he Colorado Board of Regents is, like the state itself, entitled to Eleventh Amendment immunity."); *In re Innes*, 184 F.3d 1275, 1278 (10th Cir. 1999) ("Because KSU is an 'arm of the state,' it is entitled to assert Eleventh Amendment immunity."); *Buchwald v. Univ. of N.M. Sch. of Med.*, 159 F.3d 487, 494 n.3 (10th Cir. 1998) ("Consequently, we have no doubt that UNMSM, its Regents, and the Committee on Admissions are 'arms of the state,' entitled to Eleventh Amendment immunity."); *Univ. of Tex. at Austin v. Vratil*, 96 F.3d 1337, 1340 (10th Cir. 1996) ("Moreover, petitioners, as state colleges and universities, are entitled to Eleventh Amendment immunity from being treated as parties."); *Watson v. Univ. of Utah Med. Ctr.*, 75 F.3d 569, 574 (10th Cir. 1996) ("[W]e agree with the district court's determination that the University of Utah Medical Center, as a part of the University of Utah, is an arm of the state entitled to Eleventh Amendment immunity.").